**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-03045-REB-KLM

HOMEWATCH INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

PACIFIC HOME CARE SERVICES, INC., a California corporation, and
GARAGIN VERTANESSIAN,

    Defendants.

**ORDER RE:  DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE TO TRANSFER VENUE TO THE
U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA AND ORDER FOR SUPPLEMENTAL BRIEFING**

**Blackburn, J.**

The matter before me is **Defendants' Motion To Dismiss or in the Alternative Transfer Venue to the U.S. District Court for the Central District of California** [#11][1] filed February 4, 2011.  I grant the motion in part, deny it in part, and defer determination of the motion to transfer pursuant to 28 U.S.C. § 1404(a), pending the submission of supplemental briefing on that issue.

### I.  JURISDICTION

I have subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (actions relating to trademarks).

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II. STANDARD OF REVIEW

A motion to dismiss based on a forum selection clause is analyzed frequently as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). **Riley v. Kingsley Underwriting Agencies, Ltd.**, 969 F.2d 953, 956 (10th Cir. 1992). Regardless where venue might lie properly under the federal venue statute,[2] when the parties have contracted for venue in a particular forum, their agreement is paramount. "Forum selection provisions are prima facie valid and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Id.* at 957 (internal quotation marks omitted). Where venue in the filing district is found to be improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to a district in which venue properly lies. 28 U.S.C. § 1406(a). The decision to either dismiss or transfer the case is committed to my sound discretion. **Keaveney v. Larimer**, 2000 WL 1853994 at *1 (10th Cir. Dec. 19, 2000).

Alternatively, section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil

---

[2] The statute generally provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court is vested with considerable discretion in determining whether transfer is appropriate. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The movant bears the burden of establishing that the existing forum is sufficiently inconvenient to warrant transfer. *Id*. This is a heavy burden, *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 148 (10th Cir. 1967), "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *see also Cargill Inc. v. Prudential Insurance Co. of America*, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III. ANALYSIS

This case involves the alleged misuse of certain trademarks and breach of a Franchise Agreement between the parties. Defendants contracted to operate a franchise offered by plaintiff, a Colorado corporation, in Glendale, California. When the relationship subsequently soured, plaintiff filed suit in this court, alleging claims for breach of the Franchise Agreement, misappropriation of trade secrets, unfair competition, and trademark infringement. Suit was filed in this forum based on the following provision of the Franchise Agreement:

> If a claim is asserted in any legal proceeding involving [the parties], which is not subject to mandatory arbitration, . . . the parties agree that the exclusive venue of disputes between them will be in the state and federal courts of Colorado, and each waive any objection either may have to the personal jurisdiction of or venue in the state and federal courts of Colorado.

(**Complaint** App., Exh. A ¶ 12.2 at 26.) While acknowledging this provision, defendants insist that the public policy of California specifically prohibits giving it effect. Caselaw supports their arguments.

In general, California law, like Colorado law, favors forum selection clauses, recognizing "our law's devotion to the concept of one's free right to contract, and . . . the important practical effect such contractual rights have on commerce generally." *America Online, Inc. v. Superior Court*, 90 Cal.App.4th 1, 11-12 (Cal. App. 2001); *see also Vanderbeek v. Vernon Corp.*, 25 P.3d 1242, 1247-48 (Colo. App. 2000), *aff'd*, 50 P.3d 866 (Colo. 2002). Nevertheless, under California law, at least, "this encomium is not boundless." *America Online*, 90 Cal.App.4th at 12. "Our law favors forum selection agreements only so long as they are procured freely and voluntarily, with the place chosen having some logical nexus to one of the parties or the dispute, and so long as California consumers will not find their substantial legal rights significantly impaired by their enforcement." *Id.* Thus, although forum selection clauses are generally enforced in California, "an agreement designating [a foreign] law will not be given effect if it would violate a strong California public policy . . . [or] result in an evasion of . . . a statute of the forum protecting its citizens." *Hall v. Superior Court*, 150 Cal.App.3d 411, 417 (Cal. App. 1983) (citation and internal quotation marks omitted; alterations in original).

Such a strong public policy is evidenced by section 20040.5 of the California Business and Professions Code, which provides

> A provision in a franchise agreement restricting venue to a
> forum outside this state is void with respect to any claim

4

> arising under or relating to a franchise agreement involving a
> franchise business operating within this state.

**CAL. BUS. & PROF. CODE** § 20040.5.[3]  As interpreted by the Ninth Circuit, this section "expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue.  A provision, therefore, that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable." ***Jones v. GNC Franchising, Inc.*** 211 F.3d 495, 498 (9th Cir.), ***cert. denied***, 121 S.Ct. 307 (2000).[4] ***See also Basalite Concrete Products, LLC v. Keystone Retaining Wall Systems***, 2011 WL 999198 at*4  (E.D. Cal. March 17, 2011)  ("[T]he California public policy is against unfairly forcing a California franchisee to litigate outside of California, and

---

[3]  According to the bill's author, its purpose was "to ensure that California franchisees are not unfairly forced to litigate claims arising out of their franchise agreement in an out-of-state court at considerable expense, inconvenience, and possible prejudice to the California franchisee." ***See Jones***, 211 F.3d at 498 n.15 (quoting **Report to Senate Judiciary Committee**, 1993-94 Regular Session, AB 1920 (Peace), at 1) (internal quotation marks omitted).  He elaborated further:

> [M]any franchise contracts contain clauses that require a civil action or
> proceeding arising under or relating to a franchise agreement be
> commenced in a designated out-of-state venue, which is usually the state
> of the franchisor's headquarters.  Few franchisees can easily afford to
> defend or prosecute their actions in another state. . . .  [T]hese
> contractual provisions put the California franchisee at a great
> disadvantage in pursuing meritorious actions against a franchisor.
> Moreover, . . . these provisions are usually part of the standard contract
> which the franchisee is offered on a 'take-it or leave-it' basis.  In the
> absence of arms length negotiations and equal bargaining position, such
> terms are usually unconscionable. . . .  [I]t is in the state's interest and
> powers to void such contractual terms to protect its residents.

*Id.*

[4]  Although section 2004.0.5 has been invalidated as preempted by the Federal Arbitration Act when applied to arbitration agreements, ***see Bradley v. Harris Research, Inc.***, 275 F.3d 884, 889-90 (9th Cir. 2001), it remains in full force and effect with respect to contractual forum selection clauses that do not implicate arbitrable claims, ***see id.*** at 890 n.7.

California considers forum selection clauses in franchise agreements to be unfair.").

Given this express statutory statement of California public policy, the burden is shifted to the franchisor to prove that "litigation in the contract forum will not diminish in any way the substantive rights afforded California franchisees under California law." ***Wimsatt v. Beverly Hills Weight Loss Clinics International, Inc***., 32 Cal.App.4th 1511, 1522 (Cal. App. 1995).  Plaintiff here has utterly failed to address, much less meet, that burden.  Instead, it merely refers the court back to the forum selection clause and asserts that, by its terms, it cannot be waived.[5]  Such waivers, however, are specifically and expressly prohibited by California law.  **See CAL. BUS. & PROF. CODE** § 20010 ("Any condition, stipulation or provision purporting to bind any person to waive compliance with any provision of this law is contrary to public policy and void.").

For these reasons, I find and conclude that the forum selection clause is void and unenforceable as contrary to the strong and express California public policy embodied in section 20040.5.  This finding, however, does not by itself mandate transfer to a California court.  Instead, it merely takes the forum selection clause off the table as a basis for determining where venue should lie in this case.  ***See Basalite Concrete Products***, 2001 WL 999198, at *4 -5.  I therefore must next turn to the general federal venue statute.

Both parties appear to agree that venue is determinable pursuant to 28 U.S.C. §

---

[5] Plaintiff devotes the bulk of its response brief to addressing the question of personal jurisdiction, an issue not raised by defendants in their motion, and one that I therefore decline to consider.  Likewise, I decline to address defendants' argument, raised for the first time in their reply brief, that California law should apply to all claims in this lawsuit.  ***See Liebau v. Columbia Casualty Co.***, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001),

6

1391(b)(2), which provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Under this section, "[t]he court must decide whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim. The forum activities must have been events significant to the plaintiff's claims." **Wempe v. Sunrise Medical HHG, Inc.**, 61 F.Supp.2d 1165, 1173 (D. Kan. 1999) (citations and internal quotation marks omitted). Determination of proper venue does not require the court to choose the best venue or determine which forum has the most, or most significant, contacts with plaintiff's claims. **KEBD Enterprises, LLC v. Hider** 2009 WL 1504748 at *6 (D. Colo. May 26, 2009). Rather, the question is merely whether significant events underlying the claims in suit occurred in the plaintiff's chosen forum. ***Id.***

It is clear, and perhaps not in the least surprising in the context of a contract imposing ongoing obligations between parties in different states, that significant events relevant to the formation and performance of the Franchise Agreement occurred in both Colorado and California. I therefore find and conclude that either forum would be appropriate for the resolution of this lawsuit, and dismissal for improper venue pursuant to section 1391(b) therefore is not warranted.

Defendants also move to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Factors that bear on the analysis include

>the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co.*, 371 F.2d at 147 (10th Cir. 1967)). As the movants, defendants bear a heavy burden of proving that venue should be transferred. *See id*. at 1515.

Defendants argue in their brief that they are a small, family-operated business and its owner, with limited resources to prosecute this matter in a distant forum. These are precisely the concerns that motivated the California legislature to enact section 20040.5 for the benefit and protection of California-based franchisees. (*See supra*, note 2.) Nevertheless, plaintiffs fail to present any actual evidence in support of this proposition, despite its intuitive appeal. Defendants also contend that they will be unable to present necessary witnesses because of the difficulty of securing their presence in Colorado. The location of key witnesses is often a determinative factor in the analysis under section 1404(a). However, the movant must set forth the identity and proposed testimony of any such witnesses in order to allow the court to determine whether the witnesses' testimony is in fact material. *See Texas Gulf Sulphur Co.*, 371 F.2d at 148. The movant thus will not carry its burden simply by making conclusory assertions about the inconvenience of witnesses, as defendants have done here. *Id*.

Plaintiff's evidence is little better, however.  It merely names certain individuals located in Colorado who, it avers, are key witnesses, while failing to identify their relationship to the claims in this lawsuit, the nature of their proposed testimony, or anything else suggesting why the court should accept their *ipse dixit* characterization.  Moreover, although plaintiff alleges that important documents are located in Colorado, the location of documents is typically afforded little weight in the analysis unless the volume of documents is so substantial that transporting them outside a party's home forum would be difficult.  ***See Gardipee v. Petroleum Helicopters, Inc.***, 49 F.Supp.2d 925, 931 (E.D. Tex. 1999).  No such allegation is made about the nature of the documents at issue in this case.  Finally, although plaintiff notes that Colorado law applies to the claims in this lawsuit, it does not show that there is anything particularly novel or difficult about the Colorado contract and tort claims it has asserted, nor does it acknowledge its own federal Lanham Act claims or defendants' assertion that they intend to file claims implicating California statutory law.

Ordinarily, where the movant has failed to carry its burden of proof to show that a transfer of venue is warranted, I would simply deny the motion.  Nevertheless, given the strong public policy interest California has asserted in the rights of its state-based franchisees, I am reluctant to simply deny the motion without allowing the parties a further opportunity to present their best cases on the matter.  I therefore will defer ruling on the motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and direct the parties to submit supplemental briefing on that discrete portion of the present motion.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss or in the Alternative Transfer Venue to the U.S. District Court for the Central District of California** [#11], filed February 4, 2011, is **GRANTED IN PART**, **DENIED IN PART**, and ruling **DEFERRED IN PART**, as follows:

> a. That the motion is **GRANTED** insofar as it seeks to invalidate the forum selection clause of the Franchise Agreement restricting venue to the courts of Colorado;
>
> b. That the motion is **DENIED** insofar as it seeks to dismiss this matter for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and Fed.R.Civ.P. 12(b)(3); and
>
> c. That ruling on the motion is **DEFERRED** to the extent it seeks a discretionary transfer of venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a);

2. That defendants **SHALL FILE** a supplemental brief and evidence in support of their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) only by no later than **Monday, May 23, 2011**; provided, that the brief **SHALL COMPLY** with the formatting requirements and page limitations set forth in REB Civ. Practice Standard II.D., II.E.1., and V.B.1. and D.C.COLO.LCivR 10.1E., as well as all other applicable Local Rules or

Civil Practice Standards of this court;[6]

    3. That the deadlines for the filing of plaintiff's response and any reply **SHALL BE** as provided by D.C.COLO.LCivR 7.1C..

    Dated May 2, 2011, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[6] In this regard, the court notes that defendants' briefs have not wholly complied with these standards, including particularly that they are not fully double-spaced and are not submitted in Arial 12-point typeface. Defendants' counsel is strongly advised to familiarize herself with this court's Civil Practice Standards and the Local Rules of the district. Future noncomplying papers may be denied without prejudice or stricken *sua sponte* as contemplated by REB Civ. Practice Standard V.C.