**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-03045-REB-KLM

HOMEWATCH INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

PACIFIC HOME CARE SERVICES, INC., a California corporation, and
GARAGIN VERTANESSIAN,

    Defendants.

**ORDER TRANSFERRING CASE TO CENTRAL DISTRICT
OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

**Blackburn, J.**

This matter is before me for further consideration of **Defendants' Motion To Dismiss or in the Alternative Transfer Venue to the U.S. District Court for the Central District of California** [#11][1] filed February 4, 2011. By my order [#30] filed May 2, 2011, I granted that motion to the extent it sought to invalidate the forum selection clause of the underlying Franchise Agreement, denied the motion to dismiss for improper venue, and deferred a ruling on the motion to effectuate a discretionary transfer of venue pursuant to 28 U.S.C. § 1404(a). I ordered the parties to submit supplemental briefing and evidence regarding the section 1404(a) motion, and now conclude that this matter should be transferred to the United States District Court for the Central District of California.

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

***Chrysler Credit Corp.***, 928 F.2d at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir. 1967)). As the movants, defendants bear a heavy burden of proving that venue should be transferred. ***See id***. at 1515**.**

Both parties focus heavily on the accessibility of witnesses, often a determinative factor in the analysis under section 1404(a). The movant must set forth the identity and proposed testimony of any such witnesses in order to allow the court to determine whether the witnesses' testimony is in fact material. ***See Texas Gulf Sulphur Co.***, 371 F.2d at 148. Both sides have identified a number of key witnesses whom they expect to call to testify and have delineated their proposed material testimony. Plaintiff's witnesses, however, are comprised almost entirely of its own employees, mitigating any concerns about the ability of another court to compel their attendance at trial.[2] ***See***

---

[2] The only non-employee witness identified by plaintiff is a California franchisee. In addition, not all plaintiff's proposed employee witnesses reside in Colorado.

***Garza v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.***, 2010 WL 2108486 at *1 n.2 (D. Colo. May 24, 2010) (citing ***Gardipee v. Petroleum Helicopters, Inc.***, 49 F.Supp.2d 925, 929 (E.D. Tex.1999)). While defendants' list of key witnesses include some of its employees as well, it also includes patients' family members, referral sources, and an investigator from the California Department of Corporations who has been assigned to investigate the matter. Even if defendants' list is somewhat padded with potentially cumulative witnesses, as plaintiff suggests, undoubtedly the difficulty in securing these California-based witnesses for trial weighs substantially in favor of transfer.

The other factor that I find weighs heavily in favor of transfer is the advantage of having a local court determine issues of local law. As should be evident from the discussion in my prior order, California has taken a keen interest in the franchisor-franchisee relationship. Defendants' so-called **Cross-Complaint** [#32], filed May 9, 2011, implicates yet further provisions of the California Franchise Investment Law and the California Corporations Code. While this court generally is well-equipped to navigate the law of other jurisdictions, the particular solicitude that the California legislature has shown for California-based franchisees convinces me that a transfer would be in the interest of justice in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss or in the Alternative Transfer Venue to the U.S. District Court for the Central District of California** [#11] filed February 4, 2011, is **GRANTED** insofar as it seeks to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California; and

      2. That this case is **TRANSFERRED** to the United States District Court for the Central District of California.

      Dated August 18, 2011, at Denver, Colorado.

      **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge